CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED for Chville
JUL 09 2013
JULIA C. DUDLEY, CLERK
BY: /s/ M[illegible]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| PBM CAPITAL INVESTMENTS, LLC, | ) | |
| | ) | Civil Action No. 3:13CV00008 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. Glen E. Conrad |
| MICHAEL G. LALONDE, | ) | Chief United States District Judge |
| | ) | |
| Defendant. | ) | |

PBM Capital Investments, LLC ("PBM") filed this action against Michael G. Lalonde ("Lalonde"), asserting claims for fraudulent inducement and securities fraud. PBM alleges that Lalonde made false representations about a medical device that he claimed to have created to treat sleep apnea, which caused PBM to invest over $3,000,000.00 into a limited liability company ("LLC") that it formed with Lalonde. Relying on provisions in the LLC Agreement, Lalonde has moved to dismiss the complaint for improper venue and for failure to state a claim or, in the alternative, to transfer venue to the United States District Court for the District of Delaware. For the reasons that follow, the court will grant the motion to transfer venue. The motion to dismiss for improper venue will be denied as moot, and the court will refrain from ruling on the motion to dismiss for failure to state a claim.

## Background

PBM is a Delaware LLC based in Charlottesville, Virginia. The company was formed for the purpose of acquiring securities and investing in innovative technologies. PBM's founder, president, and chief executive officer is Paul Manning.

In September of 2010, Lalonde, a resident of Georgia, "solicited Manning's investment for the purpose of commercializing Lalonde's prototype of what he claimed was the smallest, fully

functional, and operational [positive airway pressure ("PAP")] medical device" for treating individuals with obstructive sleep apnea. (Compl. ¶ 12.) Based on Lalonde's representations regarding this purported breakthrough in sleep apnea technology, PBM agreed to become a member of Deshum Medical, LLC, f/k/a Zephyr Labs, LLC ("Deshum"). PBM entered into an LLC Agreement for the operation of Deshum (the "LLC Agreement") and ultimately invested over $3,000,000.00 into the commercialization of Lalonde's sleep apnea system.

In the instant action, PBM alleges that after entering into the LLC Agreement and making its investment, PBM discovered that Lalonde's representations regarding the performance and functionality of the sleep apnea system were false. PBM further alleges that the misrepresentations were knowingly and intentionally made by Lalonde, and that PBM relied upon the misrepresentations in forming Deshum, purchasing Deshum securities, and investing millions of dollars into the sleep apnea system. PBM asserts claims for common law fraudulent inducement and statutory securities fraud.

Lalonde has moved to dismiss the complaint or, in the alternative, to transfer venue to the United States District Court for the District of Delaware. The motion is premised on certain provisions of the LLC Agreement, which was submitted as an exhibit to Lalonde's motion.

Section 14.03 of the LLC Agreement contains both a choice of law clause and a forum selection clause. The section provides, in pertinent part, as follows:

> <u>Governing Law; Submission to Jurisdiction; Waivers.</u> This Agreement and the rights of the parties hereunder shall be interpreted in accordance with the laws of the State of Delaware, without giving effect to any conflict of law principles. Each of the Members agrees that if any dispute is not resolved by the parties, it shall be resolved only in the federal or state courts of the State of Delaware sitting in New Castle County and the appellate courts having jurisdiction of appeals in such courts (collectively, the "<u>Proper Courts</u>"). In that context, and without limiting the generality of the foregoing, each of the Members irrevocably and unconditionally (a) submits for itself and its property in any action relating to the document

delivered pursuant to this Agreement or for recognition and enforcement of any
judgment in respect hereof, to the exclusive jurisdiction of
the Proper Courts and agrees that all claims in respect of any such action shall be
heard and determined in such court in the State of Delaware, to the extent permitted
by law, in such federal court; [and] (b) consents that any such action may and shall
be brought in such courts and waives any objection that it may now or thereafter
have to the venue or jurisdiction of any such action in any such court or that such
action was brought in an inconvenient court and agrees not to plead or claim the
same . . . .

(LLC Agreement § 14.03.)

The LLC Agreement also contains a merger clause and a non-reliance clause. Section 14.06 provides that "[t]his Agreement, together with all Exhibits hereto, and any Restricted Unit Agreements, contains the entire understanding among the parties and supersedes any prior and contemporaneous understandings and agreements between them respecting the subject matter hereof." (Id. § 14.06.) Section 13.02(f) provides that each member represents and warrants that "it has relied only on the information set forth herein in determining to acquire Units . . . ." (Id. § 13.02(f).) The Agreement defines "Unit" as "an ownership interest in the Company, including all of the rights and obligations in connection therewith under this Agreement . . . ." (Id. § 1.01.)

Based on the foregoing sections of the LLC Agreement, Lalonde argues that venue in this district is improper and that the complaint fails to state a claim upon which relief can be granted. The court held a hearing on Lalonde's motions on May 2, 2013. The matter has been fully briefed and is ripe for review.

## Discussion

The threshold issue raised by Lalonde is whether the Western District of Virginia is a proper venue for this action. Relying on the forum selection clause contained in the LLC Agreement, Lalonde argues that the case should be dismissed or transferred to the District of

3

Delaware. PBM opposes the motion, arguing that its claims fall outside the scope of the forum selection clause.

The enforceability of a forum selection clause in federal court is a matter governed by federal law. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 32 (1988); Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 650 (4th Cir. 2010). Under federal law, a forum selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 9 (1972). A forum selection clause may be considered unreasonable if:

> (1) [its] formation was induced by fraud or overreaching; (2) the complaining party "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) [its] enforcement would contravene a strong public policy of the forum state.

Allen v. Lloyd's of London, 94 F.3d 923, 928 (4th Cir. 1996) (quoting The Bremen, 408 U.S. at 18).

In this case, PBM does not contend that transferring the case to Delaware would contravene public policy, or deprive the company of its day in court or an appropriate remedy. Likewise, there is no allegation of fraud in the inducement of the forum selection clause itself. While PBM claims that the LLC Agreement as a whole was the product of Lalonde's false representations, general claims of fraud, such as those contained in the complaint, "do not suffice to invalidate a valid forum selection clause." Wong v. PartyGaming Ltd., 589 F.3d 821, 828 (6th Cir. 2009); see also Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.14 (1974) (The fraud exception in The Bremen "does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud . . . the clause is unenforceable. Rather, it means that [a] . . . forum-selection clause in a contract is unenforceable if the <u>inclusion of that clause in the contract</u>

4

was the product of fraud or coercion.") (emphasis in original). In the absence of any other argument as to the validity of the forum selection clause, the court concludes that the clause is reasonable and enforceable.

Having reached this decision, the court must now determine whether the clause applies to the claims asserted in the instant case. See, e.g., Robinson v. Ladd Furniture, LLC, 995 F.2d 1064, 1993 U.S. App. LEXIS 14252, at *12 (4th Cir. 1993) ("It is not enough simply to decide that this clause is enforceable in the abstract; we must also determine whether it is enforceable against these particular claims."). In making this determination, the court looks "to the language of the parties' contract[ ] to determine which causes of action are governed by the forum selection clause[ ]." Marinechance Shipping, Ltd. v. Sebastian, 143 F.3d 216, 222 (5th Cir. 1998). "[I]f the substance of [the plaintiff's] claims, stripped of their labels, does not fall within the scope of the clause[ ], the clause[ ] cannot apply." Roby v. Corp. of Lloyd's, 996 F.2d 1353, 1361 (2d Cir. 1993).

> Here, the portion of the LLC Agreement in dispute provides as follows:
>
> This Agreement and the rights of the parties hereunder shall be interpreted in accordance with the laws of the State of Delaware, without giving effect to any conflicts of law principles. Each of the Members agrees that if any dispute is not resolved by the parties, it shall be resolved only in the federal or state courts of the State of Delaware sitting in New Castle County and the appellate courts having jurisdiction of appeals in such courts (collectively, the "Proper Courts").

(LLC Agreement § 14.03.) For his part, Lalonde argues that the forum selection clause applies broadly to any dispute between the parties. In response, PBM argues that the clause is limited by the choice of law provision contained in the first line of § 14.03 and, thus, that it is only triggered when a court must interpret the LLC Agreement or the parties' rights thereunder.

5

Ultimately, the court finds it unnecessary to resolve this dispute. Even assuming that PBM's narrow reading of the forum selection clause is correct, the court concludes that its claims of fraudulent inducement and securities fraud fall within the scope of the clause.

By signing the LLC Agreement, PBM expressly stipulated that it had "relied only on the information set forth [in the Agreement]" in acquiring an ownership interest in the LLC, and that the Agreement contained "the entire understanding among the parties." (LLC Agreement §§ 13.02(i) & 14.06). Notwithstanding these provisions, PBM now claims, in each of its counts, that it relied on false representations, which were not contained in the LLC Agreement, in making its decision to enter into the LLC Agreement and purchase Deshum securities. As evidenced by their briefs on the motion to dismiss for failure to state a claim, the parties sharply disagree as to whether the merger and non-reliance provisions of the LLC Agreement preclude PBM from establishing the essential elements of its fraud claims. Compare RAA Mgmt., LLC v. Savage Sports Holdings, Inc., 45 A.3d 107, 119 (Del. 2012) (holding, under Delaware law, that a plaintiff's fraud claims were barred by a non-reliance disclaimer clause in the parties' agreement), with FS Photo, Inc. v. Picturevision Inc., 61 F. Supp. 2d 473, 481 (E.D. Va. 1999) (holding, under Virginia law, that a contractual disclaimer of reliance did not preclude a claim of fraud);* see also AES Corp. v. Dynegy Power Corp., 325 F.3d 174, 181 (3d Cir. 2003) (declining to hold that a non-reliance clause will always provide immunity from federal securities fraud liability, but emphasizing that cases involving a non-reliance clause in a negotiated contract between sophisticated parties "will often be appropriate candidates for resolution at the summary judgment stage"). Even if it is ultimately determined that these provisions do not operate to bar PBM's claims of fraudulent inducement and securities fraud, the resolution of these claims will

---

* The parties also dispute the scope of the LLC Agreement's choice of law provision and the effect that it has on the merits of the plaintiff's claims under state law.

necessarily implicate the interpretation of the LLC Agreement and the parties' rights thereunder. Consequently, the court concludes that, even under the narrow reading advanced by PBM, the claims at issue fall within the scope of the forum selection clause. See Soil Bldg. Sys. v. CMI Terex Corp., No. 3:04-CV-0210, 2004 U.S. Dist. LEXIS 10663, at *18 (N.D. Tex. June 9, 2004) (holding that the plaintiff's claims of fraud and misrepresentation were governed by a forum selection clause, since such claims required interpretation of the parameters of an agreement's provision disclaiming all oral representations and prior agreements).

Because the forum selection clause requires litigation in Delaware, it follows that venue is not proper in this district. Rather than dismissing the case under Rule 12(b)(3) of the Federal Rules of Civil Procedure, the court, in the interest of justice, will transfer the case to the District of Delaware, where it could have been brought initially. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

## Conclusion

For the reasons stated, the court will grant Lalonde's motion to transfer this action to the District of Delaware, and deny as moot his motion to dismiss for improper venue. The court declines to rule on Lalonde's motion to dismiss for failure to state a claim and leaves that motion to be decided by the transferee court.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This ___ day of July, 2013.

_____
Chief United States District Judge